UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SHEILA BODNER, as Personal Representative
of the Estate of HOWARD BODNER, Deceased,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian corporation,
ROSARIA DELOGU, and
HELEN JOHNSTON,

Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff SHEILA BODNER, proceeding as Personal Representative of and on behalf of the Estate of HOWARD BODNER, Deceased, sues Defendants ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation with its principal place of business in Florida, ROSARIA DELOGU, and HELEN JOHNSTON, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

CASE NO.

2.      Plaintiff SHEILA BODNER is sui juris and at all material times has been a citizen and resident of the state of New Jersey.

3.      Decedent HOWARD BODNER was at all material times a citizen and resident of the state of New Jersey.

4.      Plaintiff SHEILA BODNER is the duly appointed and acting personal representative of the Estate of HOWARD BODNER, Deceased, and is proceeding in that capacity in this action.  She is also the surviving spouse of HOWARD BODNER.

5.      Defendant ROYAL CARIBBEAN CRUISES, LTD. (RCCL) is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida.  RCCL is therefore a resident both of Liberia and of Florida for purposes of this action.

6.      ROSARIA DELOGU is sui juris and is not a resident or citizen of New Jersey.

7.      HELEN JOHNSTON is sui juris and is not a citizen or resident of New Jersey.

8.      Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) (2).  As alleged above there is complete diversity in citizenship of the parties because both Plaintiff SHEILA BODNER and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

decedent HOWARD BODNER are and at all material times were residents and citizens of New Jersey, while Defendant RCCL is a citizen both of Liberia and of Florida for jurisdictional purposes and neither Defendant ROSARIA DELOGU nor Defendant HELEN JOHNSTON is a citizen or resident of New Jersey.  The amount of damages claimed exceeds the minimum jurisdictional amount required for diversity of citizenship cases.

9.     At all material times, RCCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

10.     At all material times, RCCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff and decedent.

11.     Paragraph 9 of the ticket contract between the parties, which was drafted by or on behalf of RCCL without any negotiations with the Plaintiff or decedent, requires all fare paying passengers to bring any lawsuit against RCCL arising out of injuries or events occurring on the subject voyage in this federal judicial district.  Furthermore, RCCL does business in this judicial district and has

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

its principal place of business in this district.  Venue is therefore proper in this Court.

## **PRELIMINARY ALLEGATIONS COMMON TO ALL COUNTS**

12.    At all material times, Defendant RCCL has been engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operates, among other vessels, the "ANTHEM OF THE SEAS", a large passenger cruise ship.

13.    At all material times, the Plaintiff SHEILA BODNER and her husband, decedent HOWARD BODNER, were fare paying passengers on board the ANTHEM OF THE SEAS under the ticket contract referenced above and were legally entitled to be aboard the vessel for the entire voyage.

14.    The subject voyage began at Cape Liberty, New Jersey on January 15, 2016 and ended at Cape Liberty, New Jersey on the morning of January 26, 2016. Intervening days of the cruise included both days at sea and stops at various intermediate ports in the Caribbean.  The cruise thus both began and ended at a port in the United States of America.

15.    On January 24, 2016, during the subject voyage, HOWARD BODNER was provided treatment from shipboard physicians on board the ANTHEM OF THE SEAS for symptoms including shortness of breath and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

respiratory distress.   His onboard treatment continued through the end of the voyage on the morning of January 26, 2016, at which time the ANTHEM OF THE SEAS was docked in port at its ultimate destination port of Cape Liberty, New Jersey, well within three miles from shore.

16.    On January 25, 2016 through the end of the voyage on the morning of January 26, 2016, Mr. BODNER was undergoing observation and treatment from shipboard doctors and medical crew of the Defendant, in the medical center onboard the ANTHEM OF THE SEAS.

17.    At all material times, the medical crewmembers on board the ANTHEM OF THE SEAS, including at the times referenced in the preceding two paragraphs, included Defendants ROSARIA DELOGU and HELEN JOHNSTON, who were RCCL crewmembers providing medical services in the medical center and who held themselves out as physicians on duty in the medical center and in charge of its operations and services.

18.    At all material times, crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, were required by RCCL to and did wear uniforms identifying themselves as RCCL crewmembers and employees.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

19.     At all material times, crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, were employees and actual agents of Defendant RCCL.

20.     At all material times, crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, were paid wages or salaries by RCCL for their work providing medical services in the medical center onboard the ANTHEM OF THE SEAS.

21.     At all material times, RCCL acknowledged to the crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, that these crewmembers would act on its behalf in providing medical services to passengers onboard the ANTHEM OF THE SEAS.

22.     At all material times, crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, undertook to provide medical services to passengers onboard the ANTHEM OF THE SEAS and accepted their undertaking to do so.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

23.     At all material times, RCCL provided and paid to provide all equipment, materials and supplies used in the operation of the medical center onboard the ANTHEM OF THE SEAS.

24.     At all material times, RCCL had the right to hire and fire crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON.

25.     At all material times, RCCL owned and operated the medical center onboard the ANTHEM OF THE SEAS.

26.     At all material times, personnel providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, were members of the crew of the ANTHEM OF THE SEAS, subject to the orders and discipline of the vessel's captain and officers, and also subject to supervision and control by RCCL.

27.     At all material times, crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, were employed by RCCL.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

28.     At all material times, RCCL represented to passengers, through its promotional literature and otherwise, that crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS were employees or agents of RCCL acting on behalf of RCCL when providing medical services to passengers.

29.     At all material times, HOWARD BODNER and SHEILA BODNER relied on the express or implied representations of RCCL as referenced above, including the RCCL promotional literature describing the medical center onboard the ANTHEM OF THE SEAS and the uniforms identifying medical personnel as crewmembers RCCL required onboard medical personnel to wear.  In reliance on these express and implied representations by RCCL, HOWARD BODNER submitted himself to the care of crewmembers staffing the onboard medical center, including ROSARIA DELOGU and HELEN JOHNSTON.

30.     At all material times, crewmembers providing medical services in the medical center onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, were employees or actual agents of RCCL, acting in the course and scope of their employment or agency.

31.     As an alternative to the allegations in the preceding paragraph, at all material times, crewmembers providing medical services in the medical center

8

CASE NO.

onboard the ANTHEM OF THE SEAS, including ROSARIA DELOGU and HELEN JOHNSTON, were apparent agents of RCCL, acting in the course and scope of their apparent agency.

32.     On the morning of January 26, 2016, after the ANTHEM OF THE SEAS had entered New Jersey territorial waters and docked in port in Cape Liberty, New Jersey, both Plaintiff SHEILA BODNER and decedent HOWARD BODNER clearly expressed their desire that no further or changed treatment of HOWARD BODNER be undertaken on board, and that further or changed treatment should await HOWARD BODNER's transport to a land based hospital in New Jersey, which transport both SHEILA BODNER and HOWARD BODNER believed to be imminent.

33.     At the time and place referenced in the preceding paragraph, the Defendant had notified land based authorized emergency medical service providers in New Jersey of the need to transport Mr. BODNER to a land based hospital. Emergency personnel including ambulance operators and emergency medical technicians employed by McCabe ambulance service of Bayonne, New Jersey, were in port and on the dock waiting to transport Mr. BODNER to Bayonne Medical Center, which is approximately a ten minute ambulance ride from the port.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

34.    At the time and place referenced in the preceding two paragraphs, the emergency personnel from McCabe ambulance service responded, were allowed on board, and were ready to transport Mr. BODNER from the ship's medical center to Bayonne Medical Center, but were not permitted by Defendant's crew to do so.

35.    The Defendant's medical crew, including ROSARIA DELOGU and HELEN JOHNSTON, refused to release Mr. BODNER for transport to a land based facility, or otherwise release him to leave the ship, despite the explicit request from Mr. and Mrs. BODNER that the Defendant defer additional treatment to a land based facility and despite the presence in port and onboard of emergency medical personnel trained, qualified and prepared to transport Mr. BODNER to a land based hospital only minutes away.

36.    While the ANTHEM OF THE SEAS was docked in port in Cape Liberty, New Jersey, and emergency medical personnel were in port and on board prepared to transport Mr. BODNER, the Defendant's onboard medical crew in the ship's medical center unsuccessfully attempted to intubate Mr. BODNER.  After the   first   attempt   at   intubation   failed,   Defendant's   medical   crew unsuccessfully attempted intubation on at least two additional occasions.  During these repeated unsuccessful intubation attempts Mr. BODNER was given repeated doses of the sedative propofol.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

37.    The land based emergency medical personnel on board offered to assist with the intubation, but Defendant's medical crew refused assistance with the intubation or other assistance with Mr. BODNER's care from the emergency medical personnel.

38.    Approximately two hours after the ANTHEM OF THE SEAS had docked in port in Cape Liberty, New Jersey, approximately an hour and a half after emergency medical personnel had arrived at the port, after emergency medical personnel had been on board prepared to transport Mr. BODNER, and after the repeated unsuccessful attempts at intubation and repeated administration of propofol referenced above, Mr. BODNER went into cardiac arrest.  Attempts to resuscitate Mr. BODNER were unsuccessful.

39.    The Defendant called a second ambulance service, Jersey City Medical Center EMS, which transported Mr. BODNER to Bayonne Medical Center, where he was pronounced dead at approximately 8:56 A.M. on January 26, 2016.

40.    All acts and omissions and events referenced in paragraphs 32 through 39 above occurred while the ANTHEM  OF THE SEAS was in New Jersey territorial waters.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

41.     As a direct and proximate result of the injury to and death of HOWARD BODNER, his surviving spouse SHEILA BODNER has sustained damages pursuant to the Florida Wrongful Death law, Florida Statutes Section 768.21.  She has lost the medical and funeral bills paid or incurred by her, the spousal companionship and protection provided to her by HOWARD BODNER, and the financial support and value of household and other services provided by him.  Furthermore, she has incurred mental pain and suffering as a result of his injury and death.  These damages are permanent and continuing in their nature and will continue to be incurred by SHEILA BODNER throughout the remainder of her life.

42.     As a further direct and proximate result of the injury to and death of HOWARD BODNER, the Estate of HOWARD BODNER has sustained damages pursuant to the Florida Wrongful Death law, Florida Statutes Section 768.21.  The estate has lost the amount of medical and burial/funeral bills paid or incurred by it and net accumulations that would have been assets of the Estate if not for his death.

43.     The Plaintiffs have complied with all conditions precedent to bringing this action.  In particular, on or about February 22, 2016, within six months of the death of HOWARD BODNER, counsel acting on behalf of SHEILA BODNER as

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

Personal Representative of the Estate of HOWARD BODNER sent the  Defendant

a written notice of claim as required in the operative passenger ticket contract.  A

copy of the notice letter is attached as Exhibit A.  The incident was also reported to

RCCL in a timely fashion and documented in writing by RCCL soon after the time

it occurred, well within the six month notice period.

## COUNT I - MEDICAL NEGLIGENCE AGAINST RCCL

44.    The Plaintiff adopts, re-alleges and incorporates by reference all

allegations of Paragraphs 1 through 43 above and further alleges the following.

45.    At all material times, the Defendant RCCL owed HOWARD

BODNER and SHEILA BODNER, as fare paying passengers aboard its cruise

vessel, a duty of reasonable care for their safety and security.

46.    At all material times referenced in the preliminary allegations of

Paragraphs 1 through 43 above, Defendant RCCL, acting through its medically

trained crew and otherwise, failed to exercise reasonable care, and was thereby

negligent, in one or more of the following respects:

a.    Onboard medical personnel failed adequately to diagnose HOWARD

BODNER's medical condition.

b.    Onboard medical personnel failed adequately to treat HOWARD

BODNER's medical condition.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

c.      Onboard   medical   personnel   repeatedly   attempted   to   intubate
HOWARD BODNER despite a lack of medical indications for intubation.

d.      Onboard   medical   personnel   repeatedly   attempted   to   intubate
HOWARD   BODNER   despite   their   knowing   actually   or   constructively   of   the
anatomical, physiological and medical contraindications for intubation.

e.      Onboard   medical   personnel   declined   assistance   with   the   intubation
procedure   they   were   attempting   to   perform   on   HOWARD   BODNER   despite
timely offers of assistance from qualified land based personnel on the scene.

f.      Onboard   medical   personnel   performed   the   attempted   intubation
procedure on HOWARD BODNER improperly, so that it did not result in adequate
ventilation and respiratory support.

g.      Onboard   medical   personnel   performed   the   attempted   intubation
procedure on HOWARD BODNER improperly, so that air was delivered to his
digestive tract rather than his respiratory system.

h.      Onboard   medical   personnel   unnecessarily   sedated   HOWARD
BODNER.

i.      Onboard   medical   personnel   excessively   sedated   HOWARD
BODNER.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

     j.     Onboard medical personnel improperly administered the sedative propofol to HOWARD BODNER.

     k.     Onboard medical personnel administered excessive doses of the sedative propofol to HOWARD BODNER.

     l.     Onboard medical personnel failed to provide adequate ventilation to support HOWARD BODNER.

     m.     Onboard medical personnel failed to provide adequate basic and advanced life support to HOWARD BODNER.

     n.     Onboard medical personnel failed adequately to treat HOWARD BODNER's cardiac arrest.

     o.     Onboard medical personnel failed to perform external defibrillation on HOWARD BODNER.

     p.     Onboard medical personnel failed adequately to perform external defibrillation on HOWARD BODNER.

     q.     Onboard medical personnel failed adequately to perform cardiopulmonary resuscitation on HOWARD BODNER.

     r.     Onboard medical personnel failed adequately to follow basic and advanced life support protocols applicable in light of HOWARD BODNER's observable condition.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

s.      Onboard medical personnel failed adequately to follow protocols, guidelines and requirements of the American College of Emergency Physicians as adopted by and applicable to RCCL vessels.

t.      Onboard medical personnel failed to adjust their treatment of HOWARD BODNER in light of the changes in his medical condition and their developing knowledge of his condition.

u.      Onboard medical personnel were otherwise negligent in their diagnosis, treatment and care of HOWARD BODNER.

v.      Onboard medical personnel, other RCCL crewmembers, or both knew or should have known that the medical personnel, equipment and facilities onboard were inadequate to provide proper diagnosis, treatment and care to HOWARD BODNER, but nonetheless refused to release him to land based emergency personnel on the scene who were, and whom they knew or should have known were, ready, willing and able to transport Mr. BODNER directly to a land based hospital only minutes away.

w.      The medical equipment and facilities on board the ANTHEM OF THE SEAS were not adequate to provide necessary treatment to passengers in respiratory distress or cardiac arrest.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

x.    RCCL medical and non-medical crew were otherwise negligent in their diagnosis, care and treatment of HOWARD BODNER in light of his known and observable medical condition.

47.    As a direct and proximate result of the negligent acts and omissions referenced in the previous paragraph, HOWARD BODNER sustained cardiorespiratory arrest, the injuries resulting therefrom, and death therefrom, and the Plaintiff as surviving spouse and personal representative of his estate, and the Estate of HOWARD BODNER, have sustained, and will continue to sustain in the future, the damages referenced in Paragraphs 41 and 42 above.

48.    The conduct of RCCL referenced above was willful, wanton and reckless in light of the knowledge of RCCL medical and non-medical crewmembers regarding HOWARD BODNER's condition and the limitations on the capabilities of the onboard medical crew and facilities.  Accordingly, an award of punitive damages to the Estate of HOWARD BODNER is warranted in this case, in addition to the compensatory damages referenced above.

**WHEREFORE**, the Plaintiff requests judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

## COUNT II - NEGLIGENT CREDENTIALING AGAINST RCCL

49.     The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 43 above and further alleges the following.

50.     At all material times, the Defendant RCCL owed HOWARD BODNER and SHEILA BODNER, as fare paying passengers aboard its cruise vessel, a duty of reasonable care for their safety and security.

51.     At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, Defendant RCCL failed to exercise reasonable care, and was thereby negligent, in one or more of the following respects:

a.     RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to perform their duties, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

b.     RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to diagnose and treat passengers suffering from respiratory distress, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

c.     RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to care for passengers undergoing cardiac arrest, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

d.     RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to provide basic life support to critically ill passengers, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

e.     RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to provide advanced life support to critically ill passengers, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

f.     RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to follow protocols, guidelines and requirements of the American College of Emergency Physicians as adopted by and applicable to RCCL vessels,

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

g.      RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to determine whether to perform intubations, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

h.      RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to perform intubations, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

i.      RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to administer sedation to passengers, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

j.      RCCL knew or should have known that its crewmembers performing medical duties on board the ANTHEM OF THE SEAS were not qualified or competent to appreciate the limitations on their medical capabilities or to

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

determine whether and when referral to a land based medical facility was appropriate, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

k.      RCCL failed to take adequate measures to determine the credentials and qualifications of the crewmembers performing medical duties on board the ANTHEM OF THE SEAS, but nonetheless continued to assign them to staff the onboard medical center and to provide medical care to passengers.

l.      RCCL failed to provide qualified, competent crewmembers to staff the medical center on board the ANTHEM OF THE SEAS.

m.      RCCL was otherwise negligent in credentialing its medical crewmembers on board the ANTHEM OF THE SEAS.

52.      As a direct and proximate result of the negligent acts and omissions referenced in the previous paragraph, the crewmembers diagnosing, treating and providing care to HOWARD BODNER in the medical center on board the ANTHEM OF THE SEAS were not competent or qualified to perform their duties and did not timely release him to an available nearby land based medical facility, HOWARD BODNER accordingly received medical care falling below applicable standards of care, and as a result sustained cardiorespiratory arrest, the injuries resulting therefrom, and death therefrom. The Plaintiff as surviving spouse and

CASE NO.

personal representative of his estate, and the Estate of HOWARD BODNER, have

as a direct and proximate result thereof sustained, and will continue to sustain in

the future, the damages referenced in Paragraphs 41 and 42 above.

53.     The conduct of RCCL referenced above was willful, wanton and

reckless in light of the knowledge of RCCL regarding the limited qualifications of

its medical personnel and failure to take reasonable measures to provide qualified

medical personnel to staff its onboard medical facilities. Accordingly, an award of

punitive damages to the Estate of HOWARD BODNER is warranted in this case,

in addition to the compensatory damages referenced above.

   **WHEREFORE**, the Plaintiff requests judgment against Defendant RCCL

for compensatory and punitive damages and the costs of this action and

furthermore demands trial by jury of all issues so triable as of right.

## COUNT III - FAILURE TO OBTAIN INFORMED CONSENT

54.     The Plaintiff adopts, re-alleges and incorporates by reference all

allegations of Paragraphs 1 through 43 above and further alleges the following.

55.     At all material times, the Defendant RCCL owed HOWARD

BODNER and SHEILA BODNER, as fare paying passengers aboard its cruise

vessel, a duty of reasonable care for their safety and security. This duty included

CASE NO.

an obligation to obtain informed consent before providing medical treatment to passengers.

56.    At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, Defendant RCCL, acting through the medical crew staffing the onboard medical center, failed to advise HOWARD BODNER and SHEILA BODNER adequately of the indications, contraindications, benefits and risks of the procedures performed upon HOWARD BODNER, including oxygen supplementation, intubation, and administration of sedation.

57.    At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, Defendant RCCL, acting through the medical crew staffing the onboard medical center, failed to advise HOWARD BODNER and SHEILA BODNER adequately of the qualifications of the crew providing medical care onboard the ANTHEM OF THE SEAS.

58.    At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, Defendant RCCL, acting through the medical crew staffing the onboard medical center, failed to advise HOWARD BODNER and SHEILA BODNER adequately of the limitations on the facilities and equipment available in the onboard medical center on the ANTHEM OF THE SEAS.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

59.    At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, HOWARD BODNER and SHEILA BODNER refused additional medical care from the medical staff on board the ANTHEM OF THE SEAS, but that care was nonetheless provided.

60.    As a direct and proximate result of the failures referenced above, crewmembers on board the ANTHEM OF THE SEAS provided medical care to HOWARD BODNER without either his informed consent or the informed consent of SHEILA BODNER as his representative.

61.    As a direct and proximate result of the provision of medical care without informed consent referenced above, HOWARD BODNER sustained cardiorespiratory arrest, the injuries resulting therefrom, and death therefrom. The Plaintiff as surviving spouse and personal representative of his estate, and the Estate of HOWARD BODNER, have as a direct and proximate result thereof sustained, and will continue to sustain in the future, the damages referenced in Paragraphs 41 and 42 above.

62.    The conduct of RCCL referenced above was willful, wanton and reckless.  Accordingly, an award of punitive damages to the Estate of HOWARD BODNER is warranted in this case, in addition to the compensatory damages referenced above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

   **WHEREFORE**, the Plaintiff requests judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

## <u>COUNT IV- BATTERY</u>

63.    The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 43 above and further alleges the following.

64.    At all material times, as fare paying passengers aboard an RCCL cruise vessel, HOWARD BODNER and SHEILA BODNER, were owed a duty of safe carriage resulting from the express and implied contracts of carriage between them and RCCL, so that RCCL was strictly liable for any intentional violation of that duty resulting in injury to or the death of HOWARD BODNER.

65.    At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, HOWARD BODNER and SHEILA BODNER refused additional medical care from the medical staff on board the ANTHEM OF THE SEAS, but further care was nonetheless forced upon HOWARD BODNER by RCCL crewmembers.

66.    At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, crewmembers providing medical care in the medical center onboard the ANTHEM OF THE SEAS actually knew that

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

HOWARD BODNER and SHEILA BODNER had refused further medical treatment from them but nonetheless proceeded knowingly and deliberately to provide treatment to which HOWARD BODNER and SHEILA BODNER did not consent.

67.    The provision of further medical care by crewmembers of Defendant RCCL necessarily involved unprivileged physical contact with HOWARD BODNER to which neither he nor SHEILA BODNER consented and to which they had affirmatively indicated lack of consent.

68.    The knowing and deliberate provision of nonconsensual medical care referenced above constituted a battery by RCCL crew upon HOWARD BODNER, for which RCCL is strictly liable pursuant to its express and implied contracts of carriage with HOWARD BODNER and SHEILA BODNER.

69.    As a direct and proximate result of the battery by RCCL upon HOWARD BODNER, Mr. BODNER sustained cardiorespiratory arrest, the injuries resulting therefrom, and death therefrom. The Plaintiff as surviving spouse and personal representative of his estate, and the Estate of HOWARD BODNER, have as a direct and proximate result thereof sustained, and will continue to sustain in the future, the damages referenced in Paragraphs 41 and 42 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

70.     The conduct of RCCL referenced above constituted an intentional tort. Accordingly, an award of punitive damages to the Estate of HOWARD BODNER is warranted in this case, in addition to the compensatory damages referenced above.

WHEREFORE, the Plaintiff requests judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

## COUNT V- FALSE IMPRISONMENT

71.     The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 43 above and further alleges the following.

72.     At all material times, the Defendant RCCL owed HOWARD BODNER and SHEILA BODNER, as fare paying passengers onboard the ANTHEM OF THE SEAS, a duty of safe carriage resulting from its express and implied contracts of carriage with them, and was strictly liable for any intentional violation of that duty resulting in injury to or the death of HOWARD BODNER.

73.     At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, HOWARD BODNER and SHEILA BODNER affirmatively refused additional medical care from the medical staff on board the ANTHEM OF THE SEAS and affirmatively requested the soonest possible

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

transfer of HOWARD BODNER to a land based medical facility upon the vessel's docking in its home port in New Jersey.

74.     RCCL crew in the medical center onboard the ANTHEM OF THE SEAS at all material times actually knew both of the affirmative refusals by HOWARD BODNER and SHEILA BODNER of additional onboard medical treatment and of their express request for the soonest possible transfer of HOWARD BODNER to a land based medical facility.

75.     At all material times, a land based medical facility was only minutes away from the port where the ANTHEM OF THE SEAS was docked.

77.     At all material times, emergency medical personnel ready, willing and able to transport HOWARD BODNER to a nearby land based medical facility were available in port and on board the ANTHEM OF THE SEAS, and the RCCL crew in the medical center on board the ANTHEM OF THE SEAS actually knew of their presence and availability.

78.     Notwithstanding the affirmative requests of HOWARD BODNER and SHEILA BODNER for transfer to a land based medical facility at the soonest possible time, and notwithstanding the known availability of qualified, trained personnel to accomplish the immediate transfer of Mr. BODNER to a land based facility, RCCL crewmembers in the medical center on board the ANTHEM OF

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

THE SEAS knowingly, deliberately and intentionally refused to release HOWARD BODNER to the available emergency personnel for transfer to a land based facility and refused to release HOWARD BODNER from the vessel's medical center, thereby knowingly and intentionally restricting his freedom of movement.

79.   The knowing and deliberate refusal of the requested transfer of HOWARD BODNER and consequent restriction on his movement constituted a false imprisonment of HOWARD BODNER by RCCL crew, for which RCCL is strictly liable pursuant to its express and implied contracts of carriage with HOWARD BODNER and SHEILA BODNER.

80.   As a direct and proximate result of the false imprisonment of HOWARD BODNER by RCCL, Mr. BODNER sustained cardiorespiratory arrest, the injuries resulting therefrom, and death therefrom. The Plaintiff as surviving spouse and personal representative of his estate, and the Estate of HOWARD BODNER, have as a direct and proximate result thereof sustained, and will continue to sustain in the future, the damages referenced in Paragraphs 41 and 42 above.

81.   The conduct of RCCL referenced above constituted an intentional tort. Accordingly, an award of punitive damages to the Estate of HOWARD BODNER

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

is warranted in this case, in addition to the compensatory damages referenced above.

**WHEREFORE**, the Plaintiff requests judgment against Defendant RCCL for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

## COUNT VI -  NEGLIGENCE AGAINST ROSARIA DELOGU

82.    The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 43 above and further alleges the following.

83.    At all material times, the Defendant ROSARIA DELOGU held herself out as a physician and in that capacity was the physician on duty in and in charge of the operations of the onboard medical center on the ANTHEM OF THE SEAS.

84.    At all material times, Defendant ROSARIA DELOGU owed HOWARD BODNER, as a passenger on board the ANTHEM OF THE SEAS utilizing the services of its medical center, a duty of reasonable care in the provision of medical services.

85.    At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, Defendant ROSARIA DELOGU failed to exercise reasonable care in the provision of medical services to HOWARD BODNER, and was thereby negligent, in one or more of the following respects:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

a.      She failed adequately to diagnose HOWARD BODNER's medical condition.

b.      She failed adequately to treat HOWARD BODNER's medical condition.

c.      She repeatedly attempted to intubate HOWARD BODNER despite the lack of medical indications for intubation.

d.      She repeatedly attempted to intubate HOWARD BODNER despite their knowing actually or constructively of the anatomical, physiological and medical contraindications for intubation.

e.      She declined assistance with the intubation procedure she was attempting to perform on HOWARD BODNER despite timely offers of assistance from qualified land based personnel on the scene.

f.      She performed the attempted intubation procedure on HOWARD BODNER improperly, so that it did not result in adequate ventilation and respiratory support.

g.      She performed the attempted intubation procedure on HOWARD BODNER improperly, so that air was delivered to his digestive tract rather than his respiratory system.

h.      She unnecessarily sedated HOWARD BODNER.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

 i.  She excessively sedated HOWARD BODNER.

 j.  She improperly administered the sedative propofol to HOWARD BODNER.

 k.  She administered excessive doses of the sedative propofol to HOWARD BODNER.

 l.  She failed to provide adequate ventilation to support HOWARD BODNER.

 m.  She failed to provide adequate basic and advanced life support to HOWARD BODNER.

 n.  She failed adequately to treat HOWARD BODNER's cardiac arrest.

 o.  She failed to perform external defibrillation on HOWARD BODNER.

 p.  She failed adequately to perform external defibrillation on HOWARD BODNER.

 q.  She failed adequately to perform cardiopulmonary resuscitation on HOWARD BODNER.

 r.  She failed adequately to follow basic and advanced life support protocols applicable in light of HOWARD BODNER's observable condition.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

s.      She failed adequately to follow protocols, guidelines and requirements of the American College of Emergency Physicians as adopted by and applicable to RCCL vessels.

t.      She failed to adjust her treatment of HOWARD BODNER in light of the changes in his medical condition and their developing knowledge of his condition.

u.      She failed to advise HOWARD BODNER and SHEILA BODNER adequately of the indications, contraindications, risks and benefits of the procedures she performed and proposed to perform on him.

v.      She provided treatment to HOWARD BODNER without his informed consent or the informed consent of SHEILA BODNER.

w.      She knew or should have known that the medical personnel, equipment and facilities onboard were inadequate to provide proper diagnosis, treatment and care to HOWARD BODNER, but nonetheless refused to release him to land based emergency personnel on the scene who were, and whom she knew or should have known were, ready, willing and able to transport Mr. BODNER directly to a land based hospital only minutes away.

x.      She was otherwise negligent in her diagnosis, care and treatment of HOWARD BODNER.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

86.   As a direct and proximate result of the negligent acts and omissions referenced in the previous paragraph, HOWARD BODNER sustained cardiorespiratory arrest, the injuries resulting therefrom, and death therefrom, and the Plaintiff as surviving spouse and personal representative of his estate, and the Estate of HOWARD BODNER, have sustained, and will continue to sustain in the future, the damages referenced in Paragraphs 41 and 42 above.

87.   The conduct of ROSARIA DELOGU referenced above was willful, wanton and reckless in light of her knowledge regarding HOWARD BODNER's condition and the limitations on the capabilities of the onboard medical crew and facilities.  Accordingly, an award of punitive damages to the Estate of HOWARD BODNER is warranted in this case, in addition to the compensatory damages referenced above.

   **WHEREFORE**, the Plaintiff requests judgment against Defendant ROSARIA DELOGU for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

## COUNT VII -  NEGLIGENCE AGAINST HELEN JOHNSTON

88.   The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 43 above and further alleges the following.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

89.   At all material times, the Defendant HELEN JOHNSTON held herself out as a physician and in that capacity was the physician on duty in and in charge of the operations of the onboard medical center on the ANTHEM OF THE SEAS.

90.   At all material times, Defendant HELEN JOHNSTON owed HOWARD BODNER, as a passenger on board the ANTHEM OF THE SEAS utilizing the services of its medical center, a duty of reasonable care in the provision of medical services.

91.   At all material times referenced in the preliminary allegations of Paragraphs 1 through 43 above, Defendant HELEN JOHNSTON failed to exercise reasonable care in the provision of medical services to HOWARD BODNER, and was thereby negligent, in one or more of the following respects:

a.   She failed adequately to diagnose HOWARD BODNER's medical condition.

b.   She failed adequately to treat HOWARD BODNER's medical condition.

c.   She repeatedly attempted to intubate HOWARD BODNER despite the lack of medical indications for intubation.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

d.      She repeatedly attempted to intubate HOWARD BODNER despite their knowing actually or constructively of the anatomical, physiological and medical contraindications for intubation.

e.      She declined assistance with the intubation procedure she was attempting to perform on HOWARD BODNER despite timely offers of assistance from qualified land based personnel on the scene.

f.      She performed the attempted intubation procedure on HOWARD BODNER improperly, so that it did not result in adequate ventilation and respiratory support.

g.      She performed the attempted intubation procedure on HOWARD BODNER improperly, so that air was delivered to his digestive tract rather than his respiratory system.

h.      She unnecessarily sedated HOWARD BODNER.

i.      She excessively sedated HOWARD BODNER.

j.      She improperly administered the sedative propofol to HOWARD BODNER.

k.      She administered excessive doses of the sedative propofol to HOWARD BODNER.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

l.      She failed to provide adequate ventilation to support HOWARD BODNER.

m.      She failed to provide adequate basic and advanced life support to HOWARD BODNER.

n.      She failed adequately to treat HOWARD BODNER's cardiac arrest.

o.      She failed to perform external defibrillation on HOWARD BODNER.

p.      She failed adequately to perform external defibrillation on HOWARD BODNER.

q.      She failed adequately to perform cardiopulmonary resuscitation on HOWARD BODNER.

r.      She failed adequately to follow basic and advanced life support protocols applicable in light of HOWARD BODNER's observable condition.

s.      She failed adequately to follow protocols, guidelines and requirements of the American College of Emergency Physicians as adopted by and applicable to RCCL vessels.

t.      She failed to adjust her treatment of HOWARD BODNER in light of the changes in his medical condition and their developing knowledge of his condition.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

u.     She failed to advise HOWARD BODNER and SHEILA BODNER adequately of the indications, contraindications, risks and benefits of the procedures she performed and proposed to perform on him.

v.     She provided treatment to HOWARD BODNER without his informed consent or the informed consent of SHEILA BODNER.

w.     She knew or should have known that the medical personnel, equipment and facilities onboard were inadequate to provide proper diagnosis, treatment and care to HOWARD BODNER, but nonetheless refused to release him to land based emergency personnel on the scene who were, and whom she knew or should have known were, ready, willing and able to transport Mr. BODNER directly to a land based hospital only minutes away.

x.     She was otherwise negligent in her diagnosis, care and treatment of HOWARD BODNER.

92.     As a direct and proximate result of the negligent acts and omissions referenced in the previous paragraph, HOWARD BODNER sustained cardiorespiratory arrest, the injuries resulting therefrom, and death therefrom, and the Plaintiff as surviving spouse and personal representative of his estate, and the Estate of HOWARD BODNER, have sustained, and will continue to sustain in the future, the damages referenced in Paragraphs 41 and 42 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

93.     The conduct of HELEN JOHNSTON referenced above was willful, wanton and reckless in light of her knowledge regarding HOWARD BODNER's condition and the limitations on the capabilities of the onboard medical crew and facilities.  Accordingly, an award of punitive damages to the Estate of HOWARD BODNER is warranted in this case, in addition to the compensatory damages referenced above.

**WHEREFORE**, the Plaintiff requests judgment against Defendant HELEN JOHNSTON for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand trial by jury of all issues so triable as of right.

     Executed this 20th day of January, 2017.

                *__s/PHILIP M. GERSON__*
                PHILIP M. GERSON
                Florida Bar No. 127290
                pgerson@gslawusa.com
                filing@gslawusa.com
                ibrito@gslawusa.com
                NICHOLAS I. GERSON
                Florida Bar Number No. 0020899
                ngerson@gslawusa.com
                EDWARD S. SCHWARTZ
                Florida Bar Number No. 346721
                eschwartz@gslawusa.com
                GERSON & SCHWARTZ, P.A.
                Attorneys for Plaintiffs
                1980 Coral Way
                Miami, Florida 33145
                Telephone:   (305) 371-6000
                Facsimile:    (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com